FILED
DALLAS COUNTY
5/29/2015 4:56:33 PM
FELICIA PITRE
DISTRICT CLERK

Lantz Sandra

CAUSE NO. DC-15-06219 _____

| | | |
|---|---|---|
| WASH GREEN | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | 193RD-L |
| | § | |
| v. | § | ___ JUDICIAL DISTRICT |
| | § | |
| BRIAN DAVID TILLMAN and | § | |
| MARTEN TRANSPORT, LTD. | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes WASH GREEN, hereinafter called Plaintiff, complaining of BRIAN DAVID TILLMAN and MARTEN TRANSPORT, LTD., hereinafter called Defendant, and for cause of action would respectfully show the Court and jury the following:

1. Plaintiff alleges that pursuant to Rule 190.1 and 190.3 of the Texas Rule of Civil Procedure, discovery is to be conducted under Level 2 of the Discovery Control Plan.

2. Plaintiff is an individual residing in Dallas County, Texas. Defendant, David Brian Tillman, is an individual who resides at 13328 Cabana, Victorville, California 92392, where he may be served with citation in this case. Defendant, MARTEN TRANSPORT, LTD., is an entity located at 129 Marten Street in Mondovi, Wisconsin, Buffalo County, Wisconsin. Defendant Marten Transport, LTD., is a foreign corporation, whose registered agent for service of process is CT Corporation located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201, where it may be served with a citation in this case.

3. On or about August 14, 2013, Plaintiff was operating his 2001 Brown Dodge Ram pickup truck on South Polk Street in Dallas, Texas, traveling in the second lane in a northbound direction. As Plaintiff was traveling northbound on Polk Street, Defendant unexpectedly and

EXHIBIT F

without warning pulled his tractor truck with a trailer attached out in front of Plaintiff's car. Plaintiff's car was violently and unexpectedly ran into a 2010 Silver Peterbilt truck pulling a trailer. The 2010 Silver Peterbilt truck was being driven by Brian David Tillman, who was at the time employed by Defendant, Marten Transport, Ltd., a Wisconsin company. Defendant, Brian David Tillman, apparently was attempting to make a left turn from westbound on Beckleymeade Avenue going southbound on South Polk Street. The Defendant, Brian David Tillman failed to yield the right of way, to the plaintiff prior to entering South Polk Street. Defendant negligently ignored or failed to stop and yield right of way at the stop sign facing Defendant prior to driving Defendant's truck into the pathway of Plaintiff's truck. As a result of Defendant's negligence Plaintiff's vehicle violently and unexpectedly run into the tractor truck and trailer being driven by Defendant, Brian David Tillman. At the time of the collision mentioned above occasion in question, Defendant, Brian David Tillman, was operating as an employee of Defendant, MARTEN TRANSPORT, Ltd.

4. The occurrence made the basis of this suit, referred to in Paragraph 2, and the resulting injuries and damages were proximately caused by the negligent conduct of Defendant, Brian David Tillman. At the time of the collision described above, Brian David Tillman violated a duty owed to Plaintiff to exercise ordinary care in the operation of tractor truck pulling a trailer in one or more of the following respects:

    a. In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

    b. In failing to timely apply the brakes to his vehicle in order to avoid the collision in question.

c. In failing to stop, yield, and grant the privilege of immediate use of the intersection in obedience to a traffic control stop sign erected by public authority.

d. In failing to proceed into the intersection only when he might safely enter it without interference or collision with traffic using South Polk Street Northbound.

Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

5. As a direct and proximate cause result of the negligent Brian David Tillman, Plaintiff suffered severe bodily injuries to the head, neck, arm and shoulder. The Plaintiff's body was bruised, battered and contused, and he suffered great shock to his entire nervous system. The Plaintiff was disoriented as a result of the collision. The injuries are permanent in nature. The injuries have had a serious effect on Plaintiff's health and well-being. Plaintiff suffers from seizures, limitation of motion , nervousness, dizziness, nausea, constant pain, headaches, cramps, muscle spasms and fatigue. The Plaintiff's injuries were assessed by a physician as subdural hematoma, seizures, loss of concussion, cervical strain, acute; cervical radiculitis, right upper extremity and contusion right shoulder. An MRI revealed a chronic right sided subdural hematoma producing effacement of the right hemisphere of the right frontal lobe.

6. As a result of the collision made the basis of this suit, Plaintiff sustained subdural hematoma and the seizures. Plaintiff now further as a result of the collision has permanent cognitive deficits and has problems with short term memory. Most of these ill effects are

permanent and will abide with Plaintiff for a long time in the future, if not for his entire life. The specific injuries and their ill effects have, in turn caused Plaintiff's physical and mental condition to deteriorate generally, so that the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause Plaintiff to suffer the consequences and ill effects of this deterioration throughout their body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and the consequences of the injuries, Plaintiff has suffered great physical and mental pain, suffering, and anguish and in all reasonable probability he will continue to suffer in this manner for along time into the future, if not for the balance of his natural life.

By reason of all of the above, Plaintiff has suffered losses and damages in a sum that exceeds the minimum jurisdictional limits of the Court and for which he sues.

7. As a further result of all of the above, Plaintiff has incurred the following expenses for medical care and attention: physicians' fees, medical supplies, appliances, and medicine, hospitalization, nursing services. These expenses were incurred for necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such service in Dallas County, Texas.

8. As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

9. A direct and proximately cause of Defendant's negligence, Plaintiff has sustained loss income in the past, and there is a reasonable probability that Plaintiff will incur loss income into the future. Plaintiff has sustained the loss of capacity to perform work as a direct and

proximate cause of Defendant's negligence. As a result of the collision described above, Plaintiff suffered severe personal injuries causing Plaintiff to sustain permanent bodily impairment and scarring. Plaintiff experienced physical pain, memory loss and mental anguish and will, in reasonable probability, continue to do so in the future by reason of the nature and severity of the injuries and disfigurement.

10. Plaintiff incurred medical charges and expenses in the past and will, in reasonable probability, continue to incur medical expenses in the future for treatment of the injuries. By reason of the above and foregoing, Plaintiff has been damaged in a sum within the jurisdictional limits of this Court.

11. At the time of the collision described above, Defendant, Brian David Tillman, was an agent, servant, and employee of Defendant, Marten Transport, Ltd. and was acting within the scope Tillman's authority as such agent, servant, and employee. Defendant, Brian David Tillman, at the time of the collision in question was in the act of furtherance of the business purpose of his employer, Defendant, Marten Transport, Ltd. Defendant, Marten Transport, Ltd. is liable for the negligence of its agent, servant, and employee, Defendant, Brian David Tillman.

WHEREFORE, Plaintiff prays that the Defendant be duly cited to appear and answer herein; and that upon final trial of this cause, Plaintiff recover:

1. Judgement against each Defendant both severally and jointly for the damages as described above in the above pleading in an amount in excess of the minimum jurisdictional limits of the Court, with interest at the legal rate from the date of collision until judgement.

2. Interest on the judgement at the maximum legal rate from date of judgement until

      paid;

3. Pre-judgement interest on Plaintiff's damages as allowed by law;

4. Costs of suit;

5. Such other and further relief to which Plaintiff may be justly entitled.

                                                Respectfully submitted,

                                                _/s/ James E. Polk_

                                                JAMES E. POLK
                                                State Bar No. 16089500
                                                james@polklaws.net
                                                MEAGAN Z. POLK
                                                State Bar No. 24076627
                                                meagan@polklaws.net
                                                417 N. 12TH Street
                                                Corsicana, Texas 75110
                                                Tel  (903) 874-8297
                                                Fax (903) 874-8246

                                                Attorneys for Plaintiff
                                                WASH GREEN